ANAHEIM CITY ATTORNEY'S OFFICE
MOSES W. JOHNSON, IV (SBN 118769)
Assistant City Attorney
E-mail: mjohnson@anaheim.net
GREGG M. AUDET (SBN 158682)
E-mail: gaudet@anaheim.net
200 S. Anaheim Boulevard, Suite 356
Anaheim, California 92805
Tel: (714) 765-5169 Fax: (714) 765-5123

Attorneys for Defendants CITY OF ANAHEIM, RICHARD BOYER, ROBERT CONKLIN, MICHAEL LOZEAU and SAL PISCOPO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROUSSAN JOSHUA COLLINS, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF ANAHEIM; RICHARD BOYER; ROBERT CONKLIN; MICHAEL LOZEAU; SAL PISCOPO; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: 8:17-cv-01611 DOC (DFMx) <br><br> **PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION** <br><br> [Discovery Document: Referred to Magistrate Judge Douglas F. McCormick] <br><br> Action Filed: 9/15/2017 <br> Trial Date: None set |

On or about October 23, 2017, the parties stipulated to a protective order regarding confidential information and seek to have a protective order entered by the Court based on that stipulation. The stipulation has been filed with the Court. Based on that Stipulation and it appearing that the information is confidential and good cause appearing therefor, the following Protective Order shall apply to any Documents produced by Defendants to Plaintiff's counsel in this action:

1. **GOOD CAUSE STATEMENT:** This action involves information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential materials

and information consist of the Internal Affairs Investigation and the City of Anaheim Police Department's Body Worn Camera videos (which includes information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

2. The Attorneys for the Plaintiff shall receive from the Defendants a copy of the Internal Affairs Investigation and the Anaheim Police Department Body Worn Camera videos in connection with the incident and arrest of Plaintiff ("File").

3. Attorneys for the Plaintiff shall personally secure and maintain the File in their possession to the end that the File is to be used only for the purposes set forth below and for no other purpose.

4. Plaintiff's counsel's copy of the investigation File shall only be used for preparing for and prosecuting this case pending the completion of the judicial process including appeal, if any.  No copies of the File shall be made, except to provide a copy to an expert who must agree to be bound by the Protective Order.

5. If necessary in the judgment of the attorneys for the Plaintiff in this case, they may make a copy of the File for their expert if the same may actively assist in the prosecution of this case, as long as the expert agrees to be bound by the terms of this Protective Order.  No other copies may be made.

///

6. Duration: Once a case proceeds to trial, all of the information that was designated as confidential or maintained pursuant to this protective order becomes public unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. <u>Kamakana v. City and County of Honolulu</u> (9th Cir. 2006) 447 F.3d 1172, 1180-1181 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

7. Final Disposition: After the final disposition of this Action, Plaintiff's Counsel shall return all Protected Material and/or Confidential Information to counsel for the City or shall destroy such material, including all copies and extracts thereof, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material and/or Confidential Information with the exception of those documents affected by the attorney work-product doctrine or attorney-client privilege. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain material Protected Material and/or Confidential Information produced subject to this order. Any such archival copies that contain or constitute Protected Material and/or Confidential Information remain subject to this Protective Order.

8. Attorneys for the Plaintiff shall cause the substance of this order to be communicated to each person to whom the File is revealed in accordance with this order and prior to disclosure of the Confidential Information, have such person execute a written Understanding and Agreement to be bound by this Stipulation for Protective Order in the form attached hereto as Exhibit 1.

9.     The attorneys for the Plaintiff shall not cause or knowingly permit disclosure of the contents of the File beyond the disclosure permitted under the terms and conditions of this order, including but not limited to any news media which is inclusive of film or video, television, radio or print.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED:

Dated: October 25. 2017

HON. DOUGLAS F. MC CORMICK
United States Magistrate Judge

# EXHIBIT 1

## UNDERSTANDING AND AGREEMENT TO BE BOUND

## PURSUANT TO PROTECTIVE ORDER

I declare under penalty of perjury under the laws of the United States of America that I have read in its entirety and understand the Stipulation and Protective Order that was issued by the United States District Court for the Central District of California in the case of <u>COLLINS v. CITY OF ANAHEIM</u>, et al., Case No. SACV 17-0611 DOC (DFMx), now pending in the District Court. I understand the Stipulation and Protective Order and agree to comply with and to be bound by all the terms of the Stipulation and Protective Order. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulation and Protective Order to any person or entity except in strict compliance with the provisions of the Stipulation and Protective Order.

DATED:_____

By: _____
    SIGNATURE

_____
PRINT NAME

_____
ADDRESS

_____
CITY, STATE, ZIP

125097v1